BERTHA R. ANDRUS, Appellant, v. KENNETH H. ANDRUS, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, Delaware County, which denied plaintiff's application for a divorce and dismissed her complaint. The action was not contested. Plaintiff produced one witness who testified to an alleged act of adultery committed by the defendant in a hotel in the city of Oneonta. This witness swore that he permitted the defendant to use his room for the purpose of changing his clothes, and subsequently found him in bed with a woman. Evidently the Trial Judge was not satisfied with the proof offered by plaintiff. We are not persuaded that the judgment should be reversed. The circumstances are not without suspicion, and the Trial Judge saw and heard the key witness. His evaluation of the testimony under the circumstances should be preferred. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

J. GEORGE BEHR et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 29484.) — Appeal by the State from that part of a judgment of the Court of Claims which awarded damages to claimant-respondent, J. George Behr, for medical expenses and loss of service incurred on account of personal injuries sustained by his wife, a coclaimant. The appeal presents only the issues as to claimant-respondent's freedom from contributory negligence and the excessiveness of the award of damages. The findings upon these issues are amply sustained by evidence. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

EUGENE BICKFORD, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 29888.) — Appeal by the State from a judgment of the Court of Claims which awarded damages to claimant for personal injuries sustained by him when a farm tractor which he was operating upon a State highway struck a hole in the pavement, breaking a wheel and causing the tractor to overturn. The issues of the State's negligence and claimant's freedom from contributory negligence present but questions of fact. The findings of the Court of Claims in this respect are amply sustained by the evidence. Claimant's undisputed injuries are very serious and permanent. The damages awarded are not excessive. The State also contends that the cause of action was assigned pursuant to section 29 of the Workmen's Compensation Law to a compensation insurance carrier who had paid compensation to claimant because claimant did not commence action against the State within one year after the cause of action accrued. Claimant filed a notice of intention to sue within the one-year period and also filed and served a notice of motion, with notice of claim attached, to obtain permission to file a claim after the ninety-day period. This motion was returnable before the year had expired. The motion was eventually granted although not until after the year had expired. Under these circumstances we think the claimant " Commence[d] action " within the meaning of section 29 of the Workmen's Compensation Law, prior to the expiration of one year from the accrual of the cause of action. Moreover, this objection is in reality a contention that claimant is not a proper party — not the real party in interest — which may not be raised for the first time on appeal. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.